UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

FRANKLIN CLAYTON,

            Plaintiff,                         Case No. 1:16-cv-830

v.                                               Honorable Janet T. Neff

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

            Defendants.
_____/

## ORDER TO FILE AMENDED COMPLAINT

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action would be properly dismissed for failure to state a claim; however, in lieu of dismissal, the Court will permit Plaintiff an opportunity to amend his complaint within twenty-eight days.

Plaintiff is presently incarcerated at Marquette Branch Prison in the Upper Peninsula. It is difficult to determine the factual foundation for Plaintiff's complaint. It appears that Plaintiff alleges that Defendants have improperly held him in administrative segregation for an extended period of time, at least in part because Plaintiff is HIV positive. That was the factual foundation for a complaint Plaintiff filed previously in this Court. *See Clayton v. Mich. Dep't of Corr. et al.*, No. 1:05-cv-504, (W.D. Mich) (ECF No.1.) Plaintiff acknowledges that the present suit is based on the same or similar facts. (ECF No. 1, PageID.1.) Plaintiff additionally alleges that the present suit is based on occurrences at Bellamy Creek Correctional Facility and Oaks Correctional Facility as well as Marquette Branch Prison, although he does not elaborate upon the nature of those occurences. (*Id*.)

Beyond that, however, and a few cryptic sentences regarding the remedies he seeks, Plaintiff simply refers the Court to the complaint filed in *Dorn v. Mich. Dep't of Corr.*, No. 1:15-cv-359, a case where a former prisoner complained that he suffered constitutional and statutory violations because of his HIV positive status. Plaintiff states: "The facts in this matter are the same as in the case of *Dorn vs. MDOC* . . ." (ECF No. 1, PageID.3); "[he seeks the] same reliefs sought as complaint stated *Dorn vs. MDOC* . . ." (*Id*., PageID.4); "Claims for Reliefs[,] same as *Dorn vs. MDOC* . . ." (*Id*., PageID.5).

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's complaint falls short because it is not permissible to incorporate by reference allegations from a complaint in another case to supply substantive allegations. *See Texas Water Supply Corp. v. Reconstruction Fin. Corp.*, 204 F. 2d 190, 196 (5th Cir.1953) (noting that FED. R. CIV. P. 10(c) "permits references to pleadings and exhibits in the same case, but there is no rule permitting the adoption of a crossclaim in a separate action in a different court by mere reference"); *Aronson v. Advanced Cell Technology, Inc.*, 972 F. Supp. 2d 123, 136 (2013) ("[T]he plaintiffs' incorporation of allegations from another case cannot support a claim for relief."); *Constellation Energy Commodities Group, Inc. v. Transfield ER Cape Ltd.*, 801 F.Supp.2d 211, 223 (S.D.N.Y.2011) ("A pleading may not adopt other pleadings from a wholly separate action."); *McLemore v. Bank of New York Mellon*, No. 10-13093, 2011 WL 1102804 (E.D. Mich. March 23,

2011) (same). When the impermissible adoptions by reference are removed, there is simply not enough factual substance to support the claims that Plaintiff apparently seeks to raise.

The Court directs the Clerk to send to Plaintiff a copy of the form complaint under 42 U.S.C. § 1983 for a civil action by a person in state custody. If Plaintiff wishes to proceed with his action, he must carefully fill out the form and submit it to the Court. Plaintiff must provide the factual allegations; he cannot simply rely on allegations from another case. Plaintiff shall submit an amended complaint by filing his complaint on the requisite form within twenty-eight (28) days from the date of entry of this order. The amended complaint will take the place of the original complaint, so it must include all of the Defendants that Plaintiff intends to sue and all of the claims that Plaintiff intends to raise. Plaintiff need not re-submit supporting exhibits filed with the original complaint. The case number shown above must appear on the front page of the amended complaint. If Plaintiff fails to submit an amended complaint in proper form within the time allowed, the Court will dismiss the complaint for failure to state a claim.

**IT IS SO ORDERED.**


Dated: September 16, 2016        /s/ Janet T. Neff
                                 Janet T. Neff
                                 United States District Judge