UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKLIN CLAYTON #250554,

    Plaintiff,                                  Hon. Janet T. Neff

v.                                              Case No. 1:16-CV-830

CORIZON MEDICAL GROUP, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction</u>. (ECF No. 51). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

## BACKGROUND

Plaintiff is serving a 4-15 year prison sentence following his conviction for engaging in sexual penetration with another person, when Plaintiff knew he was infected with the human immunodeficiency virus (HIV), without first informing the other person that Plaintiff was HIV infected. While incarcerated, Plaintiff has twice been convicted of sexual misconduct for engaging in sexual penetration activity with another inmate.

Michigan law provides that if an HIV-positive prisoner is "subject to discipline by the department for sexual misconduct that could transmit HIV," the MDOC "shall house that prisoner in administrative segregation, an inpatient health care unit, or a unit separate from the general prisoner population, as determined by the department." Mich. Comp. Laws § 791.267(3). The Michigan

Department of Corrections has implemented policies to address "Management of Offenders with Communicable Bloodborne Infections." MDOC Policy Directive 03.04.120 ¶¶ MM-QQ. MDOC Policy provides that an HIV-positive prisoner convicted of misconduct that "could transmit HIV" shall be considered for placement in administrative segregation. MDOC Policy Directive 03.04.120 ¶¶ MM-QQ. If such a prisoner is placed in administrative segregation, he "shall not subsequently reclassified without prior authorization by the CFA Deputy Director after consultation with the Chief Medical Officer." MDOC Policy Directive 03.04.120 ¶¶ PP.

Plaintiff was placed in administrative segregation following his first sexual misconduct violation. Following his subsequent release from segregation, Plaintiff committed his second sexual misconduct violation after which he was returned to administrative segregation. Prison officials later recommended that Plaintiff be returned to general population, but the CFA Deputy Director and Chief Medical Officer rejected this recommendation in light of Plaintiff's multiple sexually-based misconducts. Plaintiff has allegedly been informed that he will likely remain in segregation until his maximum discharge date, currently estimated as September 15, 2018. Plaintiff asserts that his extended placement in administrative segregation, which imposes a great many hardships, is improper because there is no risk of transmission of HIV from his sexual activity. Plaintiff now moves for injunctive relief. Specifically, Plaintiff requests a transfer to a different MDOC facility.

## ANALYSIS

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened

by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See, e.g., Sisay v. Smith*, 310 Fed. Appx. 832, 847 (6th Cir., Feb. 12, 2009). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion").

Plaintiff requests that he be transferred to a different MDOC facility due to alleged sanitation and hygiene deficiencies he is presently experiencing. Plaintiff presents no evidence in support of his allegations and cannot, therefore, demonstrate that his allegations possess any merit or implicate any federal right. Plaintiff has failed to establish that he has (or will) suffer any injury for which he has no legal remedy. Plaintiff has likewise failed to establish that he will (or is likely to) suffer irreparable injury in the absence of the requested relief. Finally, the Court finds that the public interest would not be served by unnecessary and unwarranted judicial interference in the day-to-day operations of the Michigan Department of Corrections, specifically as pertains to the housing arrangements of a prisoner such as Plaintiff.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction</u>, (ECF No. 51), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  June 27, 2017                               /s/ Ellen S. Carmody
                                                                ELLEN S. CARMODY
                                                                United States Magistrate Judge